UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KATZENBARGER INTERESTS INC., et al., | No. 2:18-cv-03241-MCE-AC |
|---|---|
| Plaintiffs, | |
| v. | **ORDER** |
| DICKEY'S BARBECUE RESTAURANTS, INC., a Texas corporation, | |
| Defendant. | |

Presently before the Court is a Motion to Withdraw as Counsel (ECF No. 23) filed by the law firm of Weintraub Tobin Chediak Coleman Grodin ("Counsel"), counsel for Plaintiffs Katzenbarger Interests, Inc., et al., ("Plaintiffs"), by which Counsel seeks to withdraw leaving Plaintiffs in propria persona.[1] This Motion is governed by the requirements of Eastern District of California Local Rule 182(d), which provides, among other things, that an attorney may not withdraw, leaving the client in propria persona, absent a noticed motion, appropriate affidavits, notice to the client and all other parties who have appeared, and compliance with the Rules of Professional Conduct of the State Bar of California. California Rule of Professional Conduct 1.16(b)(10) permits a member

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this Motion submitted on the briefs in accordance with Local Rule 230(g).

1

of the State Bar to seek to withdraw from representation when "[t]he member believes in good faith . . . that the tribunal will find the existence of . . . good cause for withdrawal." However, "[a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with [other provisions of the applicable rules]." Cal. Rules of Prof'l Conduct R. 1.16. Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit." E.D. Cal. Local R. 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

Because Counsel's request is procedurally correct, substantively supported and unopposed, the Motion to Withdraw (ECF No. 23) is GRANTED. The law firm of Weintraub Tobin Chediak Coleman Grodin is relieved as counsel of record for Plaintiffs **effective upon the filing of proof of service of this signed Order on Plaintiffs at their last known address**:

> 1079 Sunrise Ave., B316
> Roseville, CA  95661

Because the Plaintiff entities are not permitted to proceed in pro per, Plaintiffs shall, not later than thirty (30) days from the date that proof of service is electronically filed, obtain new counsel and have that counsel file a notice of appearance on the docket. If Plaintiffs fail to timely comply with the terms of this Order, this action will be DISMISSED with prejudice as to those entities upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  June 5, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE