UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATZENBARGER INTERESTS INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DICKEY'S BARBECUE RESTAURANTS, INC., a Texas corporation,<br><br>Defendant. | No. 2:18-cv-03241-MCE-AC<br><br>**ORDER** |

On June 6, 2019, this Court issued an Order (ECF No. 27) granting a Motion to Withdraw as Counsel filed by Plaintiffs' counsel (ECF No. 23). By way of that Order, the Court directed that:

> Because the Plaintiff entities are not permitted to proceed in pro per, Plaintiffs shall, not later than thirty (30) days from the date that proof of service is electronically filed, locate new counsel and have that counsel file a notice of appearance on the docket. If Plaintiffs fail to timely comply with the terms of this Order, this action will be DISMISSED with prejudice as to those entities upon no further notice to the parties.

ECF No. 27 at 2. Plaintiffs' former counsel filed the requisite proof of service that same day. ECF No. 28. To date, no notice of appearance of substitute counsel has been filed for any Plaintiff. Accordingly, the claims of Katzenbarger Interests, Inc., Jamil Developments, Inc., Christian Developments, Inc., Lee Ventures, Inc., Katzenbarger

1

Enterprises, Inc., Katz Ventures, Inc., Katz Developments, Inc., Jameson Interests, Inc., and JKatz Enterprises, Inc., who are all precluded from proceeding pro se, are hereby DISMISSED with prejudice.

The sole remaining individual Plaintiff, Jared Katzenbarger, served as an operator under the relevant franchise agreements, but it is the now dismissed entities that were the actual franchisees. Katzenbarger Decl., ECF No. 6-4 at 1-2; Pls.' Mot. Preliminary Injunction, ECF No. 6-1, at 9-10. Given that the franchisees have now been dismissed, Mr. Katzenbarger cannot show that he alone is likely to succeed on the merits of his challenges to the ongoing arbitration with Defendant Dickey's Barbecue Restaurants, Inc.[1] Accordingly, Plaintiffs' Motion for a Preliminary Injunction (ECF No. 6) is DENIED.

In addition, Defendant Dickey's Barbecue Restaurants, Inc., seeks to compel arbitration as against six of those now dismissed entities: Christian Developments, Inc., Katz Ventures, Inc., Katzenbarger Interests, Inc., Katzenbarger Enterprises, Inc., Jamil Developments, Inc., and Lee Ventures, Inc. Since those Plaintiffs have been dismissed, Defendant's Motion (ECF No. 18) is also DENIED as moot.

Given all of the foregoing, not later than ten (10) days following the date this Order is electronically filed, Plaintiff Jared Katzenbarger is ordered to show cause why his action should not be dismissed in its entirety following the dismissal of the entity Plaintiffs. Failure to timely comply with this order will result in dismissal of this action with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: July 18, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] At minimum, the dismissed Plaintiff entities are necessary parties without the joinder of which complete relief cannot be afforded. See Fed. R. Civ. P. 19.

2